**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**VERONICA RAMIREZ,**

       **Plaintiff,**

**v.**                                **No. 2:20-cv-00824-MV-SMV**

**OFFICER JOSEPH J. MARTINEZ; WARDEN**
**EBETH CRUZ-MARTINEZ; WARDEN**
**MARIANA VIGIL; and CAPTAIN ROBERT**
**GONZALES, in their individual capacities,**

       **Defendants.**

## DEFENDANT ROBERT GONZALES' ANSWER TO PLAINTIFF'S COMPLAINT AND PARTIAL MOTION TO DISMISS

**COMES NOW** Defendant, Robert Gonzales, by and through his attorneys of record, ATWOOD, MALONE, TURNER & SABIN P.A., by Bryan Evans and Quincy J. Perales and, for his Answer to Plaintiff's Complaint, states:

## ANSWER

1.    Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits that this Court has jurisdiction over Plaintiff's Federal causes of action, admits that venue is proper as to those causes of action and admits that he is a resident of New Mexico, but denies that venue and jurisdiction are proper in this Court as to Plaintiff's state law claims.

2.    Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits that Plaintiff was, for a period of time, an inmate at the Springer Correctional Facility. Defendant is without sufficient knowledge to admit or deny the allegations contained in

1

the first sentence of said paragraph and, therefore, denies same.

3.      Answering Paragraphs 3, 4 and 5 of Plaintiff's Complaint, these allegations appear to be directed at other Defendants, thus requiring no answer on behalf of this defendant.   To the extent an answer to said paragraphs may be required, Defendant denies the allegations and demands strict proof of same.

4.      Answering the first sentence in Paragraph 6 of Plaintiff's Complaint, Defendant admits the allegations contained therein. Answering the second sentence, Defendant denies the allegations contained therein.

5.      Answering Paragraphs 7, 8, 9, 10 and 11 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to admit or deny the allegations contained therein and, therefore, denies the allegations and demands strict proof of same.

6.      Answering Paragraphs 12, 13, 14 and 15 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

7.      Answering Paragraphs 16, 17, 18, 19 and 20 of Plaintiff's Complaint, these allegations appear to be directed at other Defendants, thus requiring no answer on behalf of this defendant.   To the extent an answer to said paragraphs may be required, Defendant denies the allegations and demands strict proof of same.

8.      Answering Paragraph 21 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

9.      Answering Paragraph 22 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

10.      Answering Paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37 and 38 of Plaintiff's Complaint, these allegations appear to be directed at other

Defendants, thus requiring no answer on behalf of this defendant. To the extent an answer to said paragraphs may be required, Defendant denies the allegations and demands strict proof of same.

11.     Answering Paragraphs 39, 40 and 41 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

12.     Answering Paragraphs 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55 and 56 of Plaintiff's Complaint, Defendant is without sufficient knowledge to admit or deny the allegations contained therein and, therefore, denies the allegations and demands strict proof of same.

13.     Answering Paragraphs 57, 58, 59, 60 and 61 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

14.     Answering Paragraph 62 of Plaintiff's Complaint, Defendant incorporates his answer to the previous paragraphs, as though fully set forth herein.

15.     Answering Paragraphs 63, 64, 65, 66 and 67 of Plaintiff's Complaint, including all requests for relief, Defendant denies the allegations contained therein.

16.     Answering Paragraph 68 of Plaintiff's Complaint, Defendant incorporates his answer to the previous paragraphs, as though fully set forth herein.

17.     Answering Paragraphs 69, 70, 71, 72 and 73 of Plaintiff's Complaint, including all requests for relief, Defendant denies the allegations contained therein.

18.     Answering Paragraph 74 of Plaintiff's Complaint, Defendant incorporates his answer to the previous paragraphs, as though fully set forth herein.

19.     Answering Paragraphs 75 and 76 of Plaintiff's Complaint, including all requests for relief, these allegations appear to be directed at another Defendant, thus

requiring no answer on behalf of this defendant. To the extent an answer to said paragraphs may be required, Defendant denies the allegations and demands strict proof of same.

20.     Answering Paragraph 77 of Plaintiff's Complaint, Defendant incorporates his answer to the previous paragraphs, as though fully set forth herein.

21.     Answering Paragraphs 78, 79 and 80 of Plaintiff's Complaint, including all requests for relief, Defendant denies the allegations contained therein.

22.     Answering Paragraph 81 of Plaintiff's Complaint, Defendant admits that Plaintiff requested a jury, and joins in that request.

23.     Any material allegations contained in Plaintiff's Complaint not specifically addressed by the preceding response are hereby denied.

## AFFIRMATIVE DEFENSES

1.     In one or more respects, Plaintiff's Complaint fails to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. Pro. 12(B)(6).

2.     Plaintiff's state law claims against Defendant may only be brought in state court.

3.     Plaintiff's claims against Defendant are barred in whole or in part under the doctrine of qualified immunity.

4.     Plaintiff may have failed to mitigate her damages.

5.     Plaintiffs may have failed to exhaust their administrative remedies, both as to their Federal and State law claims.

6.     Plaintiff's suit, in whole or in part, may be barred by the Prison Litigation

Reform Act.

7.      Under the principles of comparative fault and several liability, Defendant is only responsible for his proportionate share of negligence, fault or liability, if any.

8.      Defendant is entitled to, and hereby invokes, all the rights, privileges, bars, immunities, caps, limitations, remedies and provisions of the New Mexico Tort Claims Act.

9.      Plaintiff's claims and Complaint may be barred by the applicable statute of limitations.

10.     Plaintiff's claims and Complaint may be barred by the doctrines of laches, waiver and/or estoppel.

11.     Plaintiff is not entitled to any award of punitive damages and/or any excessive award of punitive damages under the United States Constitution and the New Mexico Constitution.

12.      At all material times, Defendant acted in good faith, without evil motive, malice, recklessness or deliberate indifference to Plaintiff's rights and well-being, thereby barring Plaintiff's Complaint.


Defendant hereby reserves the right to raise and assert additional affirmative defenses as their applicability may be revealed through ongoing investigation and discovery.

**WHEREFORE,** having fully answered Plaintiff's Complaint for Civil Rights Violations, State Tort Claims and Damages, Defendant prays that Plaintiff take nothing thereby, that Plaintiff's Complaint be dismissed with prejudice, that Defendant recover his

taxable costs herein expended, and for such other and further legal and equitable relief as the Court may deem just and proper.

## PARTIAL MOTION TO DISMISS

COMES NOW Defendant Robert Gonzales, by and through his attorneys of record, Atwood, Malone, Turner & Sabin, P.A., by Bryan Evans and Quincy J. Perales, and, pursuant to Fed. R. Civ. Pro. 12(b)(6), hereby moves to dismiss Plaintiff's state law claims, and as grounds therefore, states:

Plaintiff's state law claims pursuant to the New Mexico Tort Claims Act are improperly before this Court and should be dismissed. **"**The eleventh amendment generally bars lawsuits in federal court seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity." *Bishop v. John Doe 1,* 902 F.2d 809, 810 (10th Cir. 1990) *citing Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684, 73 L. Ed. 2d 1057, 102 S. Ct. 3304 (1982). A state, however, may waive its eleventh amendment immunity and consent to suit against itself, related entities and employees. *Id. citing Alabama v. Pugh*, 438 U.S. 781, 782, 57 L. Ed. 2d 1114, 98 S. Ct. 3057 (1978).  Under its Tort Claims Act, the State of New Mexico has consented to suits against its entities and employees acting within the scope of their duty for enumerated unintentional torts, including negligence in the maintenance of machinery and equipment. *See* N.M.Stat. Ann. §§41-4-4 & 41-4-6 (1989).  That consent, however, is limited to actions commenced in the state district courts. Section 41-4-18A of the New Mexico Tort Claims Act provides, "Exclusive original jurisdiction for any claim under the Tort Claims Act shall be in the district courts of New Mexico."  *Id. see also id.* §41-4-4F (nothing in prior subsections shall constitute "waiver of the state's immunity from suit in federal court under the eleventh amendment"). *Cf. Wojciechowski v. Harriman*, 607 F. Supp. 631, 633-35 (D.N.M. 1985) (recognizing that §41-4-18A may limit federal court's

jurisdiction over tort claims against the state, but holding unconstitutional limitation on jurisdiction over claims against counties and municipalities unprotected by the eleventh amendment); *see also Quintana v. N.M. Dep't. of Health,* 2018 LEXIS 92080 No. CIV-17-1142 JHR/LF at *8-9 (D.N.M. May 31, 2018) (dismissal of state law tort claim for lack of subject matter jurisdiction); *Gallegos v. Bernalillo Cty. Bd. of Comm'rs,* 2017 LEXIS 131396 No. CIV 15-0127 JB/WPL at *117 (D.N.M. Aug. 17, 2017) (New Mexico Corrections Department sovereign immunity supplies a jurisdictional bar to the plaintiff's state law claims).

Accordingly, Plaintiff cannot pursue her claims against employees of the New Mexico Department of Corrections, including this defendant, in federal court. This Court should dismiss Plaintiff's state law tort claims pursuant to Rule 12(B)(6) because, as to those claims, Plaintiff has failed to state a claim upon which relief may be granted.

Respectfully submitted,

ATWOOD, MALONE, TURNER & SABIN, P.A.

By  **Electronically Filed on 11/23/20**
        Bryan Evans
        Quincy J. Perales
        P.O. Drawer 700
        Roswell, NM 88202-0700
        (575) 622-6221
        *Attorneys for Defendant Robert Gonzales*

I HEREBY CERTIFY that on November 23, 2020, I filed the foregoing instrument Electronically through the Court's Mandatory Electronic Filing system which caused all parties of record to be served by electronic means, as more fully reflected on the emailed Notice of Electronic Filing received from the Court.

Electronically Filed /s/ Bryan Evans
Bryan Evans