IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VERONICA RAMIREZ,

    Plaintiff,

V.                                                                     CASE NO. 2:20-cv-00824-MV-SMV

OFFICER JOSEPH J. MARTINEZ,
EBETH CRUZ-MARTINEZ,
WARDEN MARIANNA VIGIL, and
CAPTAIN ROBERT GONZALES,
in their individual capacities,

    Defendants.

**NOTICE REGARDING DEFENDANT GONZALES'
IMPROPER "PARTIAL MOTION TO DISMISS" AND NOTICE OF
COMPLETION OF BRIEFING ON SAME**

    Plaintiff Veronica Ramirez, through her counsel of record, Justine Fox-Young and Erlinda O. Johnson, files the following Notice regarding Defendant Robert Gonzales' Notice of Completion of Briefing on His Answer and Partial Motion to Dismiss (Doc. 17). Plaintiff requests that the Court strike the portion of Defendant Gonzales' pleading purporting to move to dismiss Plaintiff's state law claims for the following reasons.

1. On August 17, 2020, Plaintiff filed her complaint against Defendants. Doc. 1.

2. Defendant Gonzales was served with the complaint and summons on October 19, 2020, making his answer due 11/9/2020. Doc. 8.

3. Plaintiff granted Defendant Gonzales a two-week extension to answer the complaint, making the answer due November 23, 2020.

4. On November 23, 2020, Defendant Gonzales filed an "Answer and Partial Motion to Dismiss" in contravention of the federal court rules. Doc. 9.

5. Defendant Gonzales' so-called "Partial Motion to Dismiss" should be summarily denied for the following reasons:

6. First, the Federal Rules of Civil Procedure do not contemplate a combined answer and motion to dismiss. *See* Fed. R. Civ. P. 12(b) (directing that a Rule 12(b) motion be filed, if at all, prior to the responsive pleading). "[A] defendant may not move the Court for dismissal based upon a Rule 12(b) defense within the responsive pleading itself." *See Quill Ink Books Limited v. ABCD Graphics and Design Inc.*; 2019 WL 510461 at *1 (W.D. Okla. February 8, 2019) (striking the combined answer and motion and directing the defendant to answer or otherwise respond by a date certain).

7. Federal Rule of Civil Procedure 7 provides an exclusive list of the pleadings that are permitted to be filed. Defendant Gonzales' combined "Answer and Partial Motion to Dismiss" is not on this list.[1]

---

[1] Rule 7 reads, in relevant part:

(a) Pleadings. Only these pleadings are allowed:

(1) a complaint;

(2) an answer to a complaint;

(3) an answer to a counterclaim designated as a counterclaim;

(4) an answer to a crossclaim;

(5) a third-party complaint;

(6) an answer to a third-party complaint; and

(7) if the court orders one, a reply to an answer.

8. Defendant Gonzales' "omnibus filing [therefore] improperly combines its Answer and Motion to Dismiss in violation of Rule 12(b)." *See id.* The Court should therefore strike the portion of the document purporting to move for dismissal of certain of Plaintiff's claims. *See id.*

9. Furthermore, Plaintiff did not respond to Defendant's Answer, as she is not permitted or required to respond to an Answer unless the Court orders such a reply. *See* Fed. R. Civ. P. 7(a)(7).

10. Second, Rule 7 provides that motions be in writing, state with particularity the grounds for seeking the order, and must further follow the rules governing captions and other matters of form in pleadings. Fed.R.Civ.P. 7(b). "By requiring notice to the court and the opposing party of the basis for the motion, rule 7(b)(1) advances the policies of reducing prejudice to either party and assuring that "the court can comprehend the basis of the motion and deal with it fairly." *See* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1192 AT 42 (2d ed.1990). Defendant Gonzales' motion does not follow the rules governing caption and form, as it is improperly appended to his Answer. *See* Doc. 9.

11. Finally, in contravention of the local rules, counsel for Defendant Gonzales failed to determine Plaintiff's position on his motion to dismiss Plaintiff's state law claims. D.N.M.L.R. 7.1 requires, "movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."

12. For all of the above reasons, the Court should strike the portion of Defendant Gonzales' motion that purports to move for dismissal of Plaintiff's state law claims.

13. If the Court prefers to treat Defendant's omnibus pleading as a motion to dismiss, Plaintiff requests a period of 14 days in which to file her response.

        Respectfully submitted,

By: /s/ *Justine Fox-Young*
    Justine Fox-Young, P.C.
    201 12th Street N.W.
    Albuquerque, N.M. 87102
    Telephone: 505-796-8268

&

By: /s/ *Erlinda O. Johnson*
    Erlinda O. Johnson
    620 Roma Ave., NW
    Albuquerque, NM 87102
    Telephone: (505) 792-4048
    Facsimile: (505) 792-7268

## CERTIFICATE OF SERVICE

    I hereby certify that on January 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the parties in this matter.

/s/ *Justine Fox-Young*
Justine Fox-Young