IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VERONICA RAMIREZ,

      Plaintiff,

v.                                                             20-cv-824 MV/SMV

OFFICER JOSEPH J. MARTINEZ,
EBETH CRUZ-MARTINEZ,
WARDEN MARIANNE VIGIL, and
CAPTAIN ROBERT GONZALES,
in their individual capacities,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant Robert Gonzales' Partial Motion for Judgment on the Pleadings as to Plaintiff's Claims Pursuant to the New Mexico Tort Claims Act [Doc. 24]. The Court, having considered the Motions and relevant law, finds that the Motion is well-taken and will be granted.

BACKGROUND

On August 17, 2020, Plaintiff Veronica Ramirez commenced the instant action by filing her Complaint for Civil Rights Violations, State Tort Claims and Damages. Doc. 1. The allegations in the Complaint arise out of the alleged sexual assault and retaliation that she experienced while she was an inmate at the Springer Correctional Center ("SCC"). *See, generally, id.* Plaintiff names as a defendant, *inter alia,* Robert Gonzales, who is alleged to have been a Captain and Chief of Security with SCC and employed by NMCD during the

relevant time-period.  *Id.* ¶ 6.  Plaintiff sues Gonzales "in his individual capacity," and alleges that he "was acting under color of state law during the acts complained of."  *Id.*

Gonzales is named as a defendant in three counts of the Complaint:  Count I, Cruel and Unusual Punishment in Violation of the Eighth Amendment; Count II, Retaliation in Violation of the First Amendment; and Count IV, Negligent Operation or Maintenance of a Public Facility. Plaintiff asserts that this Court has federal question jurisdiction over Counts I and II, which allege violations of the United States Constitution, and pendent jurisdiction over Count IV, which alleges a violation of New Mexico state law.  On the instant motion, Gonzales moves to dismiss only Count IV as against him.  Plaintiff opposes the motion.

## STANDARD

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12.  "The standard of review for a motion for judgment on the pleadings is the same standard applied in considering a motion to dismiss under Rule 12(b)(6)."  *Rigler v. Lampert*, 248 F. Supp. 3d 1224, 1231 (D. Wyo. 2017) (citing *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1118 (10th Cir. 2005); *Fleming v. Coulter*, 573 F. App'x 765, 768 (10th Cir. 2014); *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013)).  Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  *Smith v.*

*United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

## DISCUSSION

In Count IV of the Complaint, Plaintiff asserts that Gonzales breached his duty to protect her health and safety by failing to ensure that she was housed in a facility where she was not subjected to sexual abuse, coercion, and harassment by correctional officers. Doc. 1 ¶¶ 78-79. This negligent conduct, Plaintiff further asserts, "constitutes negligent operation or maintenance of a public facility for which immunity is waived pursuant to NMSA 1978, § 41-4-6." *Id.* ¶ 80. On the instant motion, Gonzales moves to dismiss this Count as to him, on the basis that the state of New Mexico has only waived immunity for "actions commenced in the state district courts," and thus that, as an employee of the state of New Mexico, he is immune from suit in this Court on Plaintiff's negligence claim. Doc. 24 at 2.

"The eleventh amendment generally bars lawsuits in federal court seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity." *Bishop v. John Doe 1*, 902 F.2d 809, 810 (10th Cir. 1990). Nonetheless, a state "may waive its eleventh amendment immunity and consent to suit against itself, related entities and employees." *Id.* Under the New Mexico Tort Claims Act ("NMTCA"), "the State of New Mexico has consented to suits against its entities and employees acting within the scope of their duty for enumerated unintentional torts." *Id.* Of relevance here, those torts include negligence in the operation or maintenance of a public facility. N.M. Stat. Ann. § 41-4-6 (1978).

In *Bishop*, however, the Tenth Circuit specifically recognized that New Mexico's consent to suit "is limited to actions commenced in the state district courts." *Bishop*, 902 F.2d at 810 (quoting N.M. Stat. Ann. § 41-4-18A, which provides, "Exclusive original jurisdiction for any

3

claim under the Tort Claims Act shall be in the district courts of New Mexico," and N.M. Stat. Ann. § 41-4-4F, which states that nothing in prior subsections shall constitute "waiver of the state's immunity from suit in federal court under this eleventh amendment").  Accordingly, the *Bishop* Court held that the plaintiff in the case before it could not "pursue his claim against the New Mexico Department of Corrections and its employees acting within the scope of their employment in the federal district court, but rather [was] relegated to the state district court to seek relief consistent with the limited waiver of immunity under § 41-4-18."  *Bishop*, 902 F.2d at 810.

Gonzales invokes eleventh amendment immunity and argues that under *Bishop*, this Court must dismiss Plaintiff's claim under the NMTCA as against him.  Doc. 24 at 2.  In response, Plaintiff argues that the eleventh amendment does not apply here for three reasons: (1) she has sued Gonzales in his individual, rather than in his official, capacity; (2) this Court has pendent jurisdiction over her NMTCA claim; and (3) the facts of this case fit within the parameters of the waiver of immunity set forth in § 41-4-6 for negligent operation or maintenance of a public facility.  Doc. 29 at 3-6.  None of these arguments is availing.

First, Plaintiff argues that "the Eleventh Amendment does not preclude this Court from exercising jurisdiction over the state claim[]" against Gonzales because he is "being sued in [his] individual capacit[y]."  *Id.* at 4.  This Court has considered and rejected this argument, explaining that even where a defendant is named in his individual capacity, "the lawsuit ultimately seeks to recover money from the state."  *Conner v. Rodriguez*, No. 10-cv-512, 2011 WL 13289643, at *2 (D.N.M. Aug. 10, 2011).  As the Court noted in *Conner*, the NMTCA indemnifies in full any public employee when liability is sought for a 'tort alleged to have been committed by the public employee while acting within the scope of his duty."  N.M. Stat. Ann.

4

§ 41-4-4. Here, the Complaint "makes it clear that the allegations against [Gonzales] pertain to actions performed within the scope of his duty" as "Chief of Security as SCC." *Conner*, 2011 WL 13289643, at *2; Doc. 1 ¶ 21.

"The eleventh amendment bars a suit for damages in federal court when the action is in essence one for recovery of money from the state and the state is the real, substantial party in interest, notwithstanding that individual officials are nominal defendants." *Wojcienchowski v. Harriman*, 607 F. Supp. 631, 633 (D.N.M. 1985). Notably, the only "narrow exception" to the bar of eleventh amendment immunity "occurs when a state official is sued for non-monetary injunctive relief from constitutional violations in his individual capacity." *Id.* This exception is not applicable here, as Plaintiff seeks only compensatory and punitive damages from Gonzales, rather than injunctive relief. Doc. 1 at 8. Thus, "[b]ecause the State would be obligated to pay any money judgment entered against [Gonzales], the State is the real party in interest and may not be sued without a waiver of sovereign immunity." *Conner*, 2011 WL 13289643, at *2. And as explained above, New Mexico has not waived immunity to suit in federal court.

Indeed, neither of the cases cited by Plaintiff in support of her argument suggest to the contrary. Those cases stand for the unrelated proposition that the eleventh amendment does not bar suits brought pursuant to 42 U.S.C. § 1983 against state officials in their individual capacities for violation of federal rights. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991) (holding that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983" and that the "Eleventh Amendment does not bar such suits"); *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974) ("[I]t has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state

5

law."). The issue on the instant motion is not Plaintiff's § 1983 claims, but rather her NMTCA claim. In short, Plaintiff has pointed to no authority to refute Gonzales's argument that, despite being named as a defendant in his "individual capacity," he is entitled to invoke eleventh amendment immunity as to Plaintiff's NMTCA claims.

Next, Plaintiff argues that this Court may exercise supplemental jurisdiction over Plaintiff's NMTCA claim because it has original jurisdiction over her § 1983 claims and her NMTCA claim is part of the same case or controversy. Doc. 29 at 4-5. Again, this Court has considered and rejected this argument as "incorrect as a matter of law." *Quarrie v. New Mexico Inst. of Mining & Tech.*, No. 13-cv-349, 2014 WL 11456598, at *2 (D.N.M. Feb. 25, 2014). As the *Quarrie* Court explained, "immunity under the Eleventh Amendment is not abrogated by 28 U.S.C. § 1367, and therefore, § 1367 does not authorize federal district courts to exercise jurisdiction over claims against nonconsenting states." *Id.* (citing *Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 542 (2002) (holding that "§ 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants")). Plaintiff has pointed to no contrary authority to suggest that Gonzales has lost the right to invoke eleventh amendment immunity solely because this Court otherwise would have supplemental jurisdiction over her NMTCA claim.

Finally, Plaintiff argues that her allegations "fall comfortably within the ambit of current New Mexico precedent construing Section 41-4-6 of the NMTCA," which waives immunity as to public employee's negligent operation or maintenance of a public facility. Doc. 29 at 6. Whether the factual allegations in the Complaint are sufficient to state a claim under Section 41-4-6, however, is irrelevant to the separate issue raised by Gonzales of whether, in the first instance, New Mexico has waived immunity to suit in federal court on claims brought pursuant

to the NMTCA. As discussed above, Plaintiff has provided no authority for the Court to conclude that New Mexico has done so. Accordingly, assuming *arguendo* that Plaintiff's allegations are sufficient to state a claim under § 41-4-6, because Gonzales has invoked eleventh amendment immunity, this Court is constrained to hold that Plaintiff may not pursue that claim in this Court.

## CONCLUSION

Plaintiff has failed to establish either than New Mexico has waived eleventh amendment immunity to suit in federal court on claims brought pursuant to the NMTCA or that Gonzales has not properly invoked such immunity here as to Plaintiff's claim pursuant to § 41-4-6 (Count IV).

**IT IS THEREFORE ORDERED** that Defendant Robert Gonzales' Partial Motion for Judgment on the Pleadings as to Plaintiff's Claims Pursuant to the New Mexico Tort Claims Act [Doc. 24] is GRANTED as follows: Count IV of the Complaint is dismissed without prejudice as to Gonzales.

DATED this 7th day of April 2021.

_____
MARTHA VAZQUEZ
United States District Judge