IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERONICA RAMIREZ,

      **Plaintiff,**

v.                                     **No. 20-cv-0824 MV/SMV**

JOSEPH J. MARTINEZ, EBETH CRUZ-MARTINEZ,
MARIANNA VIGIL, and ROBERT GONZALES,

      **Defendants.**

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Defendant Joseph J. Martinez's Renewed Motion for Full Stay of All Discovery in this Civil Matter Pending the Resolution of the Criminal Complaint Against Defendant Martinez [Doc. 44], filed on June 18, 2021. Plaintiff responded on July 2, 2021. [Doc. 45]. Defendant Martinez[1] replied on July 19, 2021. [Doc. 47]. Having considered the parties' submissions, the record, the relevant law, and being otherwise fully advised in the premises, the Court will grant the Motion in part. As described below, the Court will stay discovery as to Defendant Martinez but not as to the other Defendants.

## BACKGROUND

On August 17, 2020, Plaintiff Veronica Ramirez, formerly an inmate at the Springer Correctional Center ("SCC") in Springer, New Mexico, filed a complaint against multiple defendants for civil rights violations, state tort claims, and damages. *See* [Doc. 1]. Plaintiff's claims arise out of alleged sexual assaults by Defendant Martinez, a correctional officer at SCC when

---

[1] The other Defendants filed no briefs taking any position on the Motion.

Plaintiff was an inmate there. *Id.* Specifically, Plaintiff alleges that all named Defendants violated her Eighth Amendment right to be free from sexual assault (Count 1). *Id.* at 6–7. Plaintiff also alleges that Defendant Gonzales retaliated against her for reporting Defendant Martinez, thereby violating her First Amendment rights (Count 2). *Id.* at 7–8. Plaintiff brings state tort claims against Defendant Martinez (Count 3). *Id.* at 8. Finally, Plaintiff alleges that Defendants Vigil and Cruz-Martinez, as wardens of SCC, negligently operated or maintained a public facility in violation of New Mexico law (Count 4).[2] *Id.* at 8–9. The parties have not yet engaged in discovery beyond exchanging initial disclosures,[3] and no trial has been set.

In early 2021, the State of New Mexico charged Defendant Martinez with two counts of criminal sexual penetration in the second degree. *See* [Doc. 44-1]. The two counts are based on alleged conduct perpetrated against two different victims, Plaintiff and Lisa Curry. *See id.* However, the state court docket reflects that the case has recently been severed, thereby creating separate cases—one related to Plaintiff and another related to Lisa Curry.[4] *See State v. Martinez*, D-809-CR-202100031 (8th Jud. Dist. N.M. July 16, 2021).

Defendant Martinez now moves the Court for a stay of all discovery in this civil matter pending resolution of the criminal proceeding against him. [Doc. 44] at 1.

---

[2] Plaintiff made this claim against Defendant Gonzales as well. [Doc. 1] at 8–9. However, this claim has been dismissed as to Defendant Gonzales. [Doc. 34] at 7.

[3] Defendant Martinez did not yet deliver initial disclosures because discovery had been stayed as to him previously. *See* [Doc. 35]. All other parties exchanged initial disclosures. *See* [Docs. 23, 37, 38, 39].

[4] The Court notes that Lisa Curry also filed a civil lawsuit against Defendant Martinez and others. *See Curry v. Gonzales*, 20-cv-0116 RB/SCY. Upon consideration of Defendant Martinez's first Motion to Stay [Doc. 19], the Court felt compelled to follow Judge Brack's discovery ruling in *Curry*, *see* [Doc. 35]. However, after discussion with counsel at a recent hearing, *see* [Doc. 42] (clerk's minutes), the renewed briefing, [Docs. 44, 45, 47], and notice of the severance of the criminal case, [Doc. 49], the Court finds that this case and Ms. Curry's civil case are distinguishable and warrant independent consideration.

## LEGAL STANDARD

Courts have broad discretion to stay discovery in a civil case while parallel criminal proceedings are pending. *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). While "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege[,]" a "court must consider the extent to which a party's Fifth Amendment rights are implicated" in deciding whether to grant a stay. *Id.* (quotation marks and citation omitted). In determining whether to grant a stay, courts balance six factors:

> (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the case, including whether defendants have been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Urrutia v. Montoya*, No. 16-cv-0025 MCA/SCY, 2016 WL 9777168, at *1 (D.N.M. June 29, 2016) (quoting *Hilda M. v. Brown*, No. 10-2495, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010)).

## DISCUSSION

Defendant Martinez argues that because parallel criminal and civil proceedings are pending against him, a complete stay of discovery is necessary so that he may "exercise his Fifth Amendment right not to incriminate himself." [Doc. 44] at 1. Plaintiff asks the Court to deny the motion and contends that she "should not be penalized with a full indefinite stay merely because her allegations are egregious enough to have prompted criminal charges against Defendant Martinez." [Doc. 45] at 2 (cleaned up). The Court finds that a limited, temporary stay of discovery—as to Defendant Martinez only—is fair and appropriate under the circumstances of this case.

### A. Overlap of Issues

Defendant Martinez asserts that the allegations against him are identical to those in the criminal case and that this is the most important factor the Court should consider. [Doc. 44] at 8–9 (quoting *Hilda*, 2010 WL 5313755, at *3). Plaintiff acknowledges the significance of the overlap with respect to Defendant Martinez but highlights the lack of criminal charges against the remaining Defendants. [Doc. 45] at 5. The Court agrees that the misconduct attributed to Defendant Martinez in this case overlaps with that charged in the criminal complaint. However, there is no pending criminal case against any of the other Defendants. Moreover, there is very little overlap between the issues in Martinez's criminal case and Count 2 in this case (the retaliation claims against Gonzales), and the amount of overlap between the criminal issues and Count 4 (the negligent-maintenance-of-facility claims against the wardens) is debatable.[5] Thus, this factor supports granting a stay of discovery directed to Defendant Martinez, but not a complete stay.[6]

### B. Status of the Case

A stay of discovery is often appropriate when a defendant has been indicted for the same underlying conduct because an indictment increases the likelihood that a defendant may make incriminating statements and reduces prejudice to a plaintiff because of the Speedy Trial Act. *Hilda*, 2010 WL 5313755, at *4. Here, a criminal information[7] has been filed, and the two counts

---

[5] For example, Plaintiff's claims in Count 2 against Gonzales and in Counts 1 and 3 against Martinez all give rise to her claims in Count 4 against the wardens.

[6] The Court notes that Defendant Martinez's Fifth Amendment rights are the driving force behind the request to stay discovery, but his Fifth Amendment rights simply do not extend beyond himself. The Fifth Amendment guarantees that Defendant Martinez cannot be compelled to incriminate himself and that he cannot be punished for exercising that right. The Fifth Amendment does not allow him to prevent others from talking, and the other Defendants may not hide themselves behind Martinez's constitutional rights.

[7] In Defendant Martinez's criminal case, the state court docket reflects that a criminal information has been filed against Martinez. *State v. Martinez*, D-809-CR-202100031 (8th Jud. Dist. N.M. Feb. 19, 2021). When considering whether to stay discovery, an indictment and a criminal information have the same effect. *See Herrera v. Sanchez*,

have been severed. *See State v. Martinez*, D-809-CR-202100031 (8th Jud. Dist. N.M. July 16, 2021). Thus, although the criminal matter has not yet been scheduled for trial, the Court notes that any prejudice to Plaintiff should be "reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Urrutia*, 2016 WL 9777168, at *2 (quotation omitted).[8] This factor supports granting a stay of discovery directed to Defendant Martinez.

### C. Balancing of Plaintiff's Versus Defendant's Interests

The third and fourth factors relate to the interests of the parties and the potential prejudice to each. Plaintiff contends that she will be severely prejudiced by a stay. [Doc. 45] at 6. The Court agrees that Plaintiff has a strong interest in uninterrupted discovery. Yet, a stay need not completely halt this lawsuit. "[B]ecause discovery would only be stayed as to [Defendant Martinez], Plaintiff has the opportunity to pursue other avenues of discovery during the pendency of any stay entered in this case." *See Urrutia*, 2016 WL 9777168, at *2.

In the absence of a stay as to Defendant Martinez, the prejudice to him is clear. On one hand, he could make potentially incriminating statements during civil discovery, which might prejudice him in his criminal case. On the other hand, he could invoke his Fifth Amendment right to silence, knowing that it "might cause an adverse inference to be drawn against him in his civil case." *Id.* at *3 (citation omitted). While the Court recognizes that stays "should be the exception rather than the rule" even in the face of this constitutional dilemma, *see Hilda*, 2010 WL 5313755,

---

328 P.3d 1176, 1181 (N.M. 2014) (noting that an indictment and an information both provide a "neutral determination of probable cause").

[8] The Court further notes that at a previous hearing, counsel for Defendant Martinez expressed that the criminal case(s) should proceed more quickly if severed into two. *See* [Doc. 42] at 2 (clerk's minutes).

at *3, the potential prejudice to Defendant Martinez outweighs that to Plaintiff at this time. This factor supports granting a stay of discovery directed to Defendant Martinez.

### D. The Interests of the Court and the Public

As in *Urrutia*, "Defendant [Martinez] and Plaintiff offer the Court different paths[,] and [both] argue that their sponsored course is the one that will save resources and expedite resolution of the case, thereby advancing the interests of the court and the public." 2016 WL 9777168, at *4. The Court's goal is to move this case forward as expeditiously as possible without unduly prejudicing Defendant Martinez's constitutional rights. A complete stay of discovery is not necessary to achieve that goal. All that is necessary is that Martinez not be compelled to respond to discovery while his criminal case is pending. All other discovery can proceed without jeopardizing Martinez's Fifth Amendment rights. Then, after Martinez's trial is over, the parties will only need to conclude the remaining discovery, i.e., that directed solely at Martinez.

### CONCLUSION

For the reasons set forth above, Defendant Martinez's Motion to Stay is GRANTED IN PART and DENIED IN PART. Discovery addressed to Defendant Martinez will be stayed while his criminal trial is pending. To be specific, while his criminal trial is pending, Defendant Martinez need not submit to a deposition, nor shall any party serve written discovery on him. This stay will be in effect **until lifted by the Court**. The Court directs Defendant Martinez to file a notice **every three months**, updating the Court on the status of the criminal proceedings. The first such notice must be filed no later than **October 29, 2021**.[9] Discovery will not be stayed in any other respect.

---

[9] When the relevant criminal trial proceedings conclude, Defendant Martinez must file a notice within **two weeks**. (He may not wait three months to update the Court.).

**IT IS THEREFORE ORDERED** that Defendant Joseph J. Martinez's Renewed Motion for Full Stay of All Discovery in this Civil Matter Pending the Resolution of the Criminal Complaint Against Defendant Martinez [Doc. 44], is **GRANTED IN PART** as described above.

**IT IS FURTHER ORDERED** that a telephonic **Rule 16 Scheduling Conference** is set for **August 12, 2021, at 9:30 a.m. MDT**. The parties must call the Court's AT&T Conference Line, **(888) 363-4734 (access code: 4382538)**, to connect to the proceedings.

**IT IS FURTHER ORDERED** that Defendant Martinez file a notice on or before **October 29, 2021**, to update the Court on the status of the criminal proceedings.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**