**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

VERONICA RAMIREZ,

    Plaintiff,

v.

                                                                       No. 2:20-cv-00824-MV-SMV

Officer JOSEPH J. MARTINEZ,
Warden EBETH CRUZ-MARTINEZ,
Warden MARIANNA VIGIL, and
CAPTAIN ROBERT GONZALES,
In their individual capacities,

    Defendants.

## **STIPULATED CONFIDENTIALITY ORDER**

       Upon the stipulation of all parties, IT IS HEREBY ORDERED:

       1.      All Confidential Information produced or exchanged in the course of this litigation that is marked "Confidential" shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

       2.      The designation of Confidential Information shall be made by placing or affixing on the material in a manner which will not interfere with its legibility the word "Confidential." The designation shall be made prior to, or contemporaneously with, production or disclosure of that material. All such copies shall be afforded the full protection of this agreement.

       3.      Confidential Information shall not, without the consent of the party producing or further Order of the Court, be disseminated in any manner whatsoever to the public or disclosed to third parties except that such information may be disclosed to:

          a.      Attorneys actively working on this case;
          b.      Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial or at other proceedings in this case;
          c.      The parties, including designated representatives for the entity parties;
          d.      Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;
          e.      The Court and its employees ("Court Personnel");

    f. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;
    g. Deponents, witnesses or potential witnesses; and
    h. Other persons solely by written agreement of the parties.

  4. Whenever a deposition involves the disclosure or attachment by way of exhibit of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Confidentiality Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of the depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the Court Reporter of the completion of the transcript.

  5. With respect to Confidential personnel files of employment files that may be produced in this litigation, in addition to marking the personnel files confidential, a party producing personnel files may also redact from the employment files without privileged logs the following information:

    a. Social Security numbers;
    b. Names of employees' children, spouses, or other dependents;
    c. Patient identifying information of patients other than Plaintiff;
    d. Employee personal health information;
    e. Employee personal financial and banking information and state or federal tax forms, except pay rates while working at Defendants' facilities.

  6. All references to Confidential Information made in motions, pleadings or other documents shall not disclose the substance of the Confidential Information. Instead, the Confidential Information referenced in the motion, pleading, etc., shall be filed under seal as permitted by the Court or presented to the Court *in camera*.

  7. The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. All parties are under a duty to promptly return any documents inadvertently produced. Return of such documents does not waive a party's right to seek the Court's determination as to whether any privilege or work product protection applies. No party shall retain any copies of documents to which this provision applies and it does not waive any party's right to seek the Court's determination as to whether the production was in fact inadvertent. Further, inadvertent production of documents in this case shall not serve as a basis to disqualify any counsel in this case.

  8. Review of the confidential documents and information by counsel, experts or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

  9. Nothing in this Order shall be deemed a waiver of the Parties' rights:

      (a) to oppose discovery on grounds other than such discovery constitutes, contains and/or seeks Confidential Information; or

      (b) to object on any ground to the admission in evidence, at the trial of the Lawsuit, of any Confidential Information.

      10.    A Party shall not be obligated to challenge the propriety of a designation of information as confidential at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that a party to the litigation disagrees with the designation of information as confidential, the parties shall first try to resolve the dispute in good faith. If the dispute cannot be resolved, the objecting party shall notify the designating party in writing of its objection to the confidential information. The designating party shall then have 15 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall retain its designation until and unless the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential.

      11.    Nothing in this Order shall prevent any Party from using Confidential Information in connection with any trial, hearing or other public proceeding in the Lawsuit or from seeking further protection with respect to the use of any Confidential Information in connection with any trial, hearing or other public proceeding in this matter.

      12.    Following the final disposition of this matter, the persons to whom the Confidential Information was produced shall return all copies, including CD's or other electronic storage devices which were provided by the producing party, of the Confidential Information to counsel for the producing party and shall certify that all Confidential Information was returned, including all copies made by that party/person. The persons to whom the Confidential Information was produced shall also permanently delete any and all copies of the Confidential Information which may have been saved to a computer or other electronic storage system, and shall certify that all Confidential Information was permanently removed from all electronic storage systems.

_____
HONORABLE STEPHAN M. VIDMAR
UNITED STATES MAGISTRATE JUDGE

Submitted by:

By: */s/ Mariposa Padilla Sivage*
Mariposa Padilla Sivage
Noe Astorga-Corral
Sutin, Thayer & Browne
P.O. Box 1945
Albuquerque, NM 87103
Telephone: (505) 883-3433
mps@sutinfirm.com
nxa@sutinfirm.com
*Attorneys for Defendant Warden Ebeth Cruz-Martinez*

Approved as to form:

By: *Approved via email 11/10/2021*
Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson
620 Roma Avenue NW
Albuquerque, NM 87102
505-792-4048
erlinda@erlindajohnsonlaw.com

-and-

Justine Fox Young, PC
201 12th Street NW
Albuquerque, NM 87102
505-796-8268
justine@foxyounglaw.com
*Attorneys for Plaintiff*

By: *Approved via email 11/12/2021*
Bryan Evans
Atwood, Malone, Turner & Sabin, P.A.
P.O. Drawer 700 400 N. Pennsylvania Ave
Suite 1100 Roswell NM 88201
(575) 622- 6221
bevans@atwoodmalone.com
*Attorney for Captain Robert Gonzales*

By: *Approved via email 11/12/2021*
Michelle Lalley Blake
Meena H. Allen
Allen Law Firm LLC
6121 Indian School Rd. NE, Suite 230
Albuquerque, NM 87110
(505) 298-9400
mblake@mallen-law.com
mallen@mallen-law.com
*Attorneys for Defendant Marianna Vigil*

By: *Approved telephonically 11/12/2021*
CaraLyn Banks
Kemp Smith LLP
3800 E. Lohman, Suite C
Las Cruces, NM 88011
(575) 527-0023
Caralyn.banks@kempsmith.com
*Attorney for Joseph J. Martinez*

6129265