IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VERONICA RAMIREZ,**

    Plaintiff,

v.                                              No. 20-cv-0824 MV/SMV

**JOSEPH J. MARTINEZ,**
**EBETH CRUZ-MARTINEZ,**
**MARIANNA VIGIL, and**
**ROBERT GONZALES,**

    Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before me on Plaintiff's Opposed Motion to Lift the Discovery Stay ("Plaintiff's Motion"), filed on February 18, 2022. [Doc. 88]. Defendant Martinez responded on March 10, 2022. [Doc. 92]. In his Response, Martinez opposed Plaintiff's motion and asked that I sanction Plaintiff for violating a stay of discovery from him by prohibiting Plaintiff from deposing him. *Id*. at 10. Plaintiff did not file a reply. I heard oral argument on June 29, 2022. Having considered the parties' submissions, the record, the oral argument, and the relevant law, I will deny both Plaintiff's Motion and Martinez's request for sanctions.

### BACKGROUND

On August 17, 2020, Plaintiff Veronica Ramirez, formerly an inmate at the Springer Correctional Center ("SCC") in Springer, New Mexico, filed a complaint against multiple defendants for civil rights violations, state tort claims, and damages. *See* [Doc. 1]. Plaintiff's claims arise out of alleged sexual assaults by Martinez, who was a correctional officer at SCC. *Id*. Specifically, Plaintiff alleges that Defendants violated her Eighth Amendment right to be free from

sexual assault (Count 1). *Id.* at 6–7. Plaintiff also alleges that Defendant Gonzales retaliated against her for reporting Martinez, thereby violating her First Amendment rights (Count 2). *Id.* at 7–8. Plaintiff brings state tort claims against Martinez (Count 3). *Id.* at 8. Finally, Plaintiff alleges that Defendants Vigil and Cruz-Martinez, as wardens of SCC, negligently operated or maintained a public facility in violation of New Mexico law (Count 4).[1] *Id.* at 8–9. At the time Plaintiff filed her complaint, a civil lawsuit was pending against Martinez and others based on claims similar to those asserted by Plaintiff. *See Curry, et al. v. Gonzales, et al.*, 20-cv-0116 RB/SCY (D.N.M.).[2] The plaintiff in that case, Lisa Curry,[3] is represented by the same counsel representing Plaintiff in this matter. *Id*.

In early 2021, the State of New Mexico charged Martinez with two counts of criminal sexual penetration in the second degree. *See* [Doc. 44-1]. The two counts are based on alleged conduct perpetrated against Plaintiff and Lisa Curry. *See id.* The state court docket reflects that the counts were severed, thereby creating one case related to Plaintiff and another related to Ms. Curry. *See State v. Martinez*, D-809-CR-202100031 (8th Jud. Dist. N.M. July 16, 2021). The criminal case related to Plaintiff was initially set for trial on May 16, 2022, but was continued to November 28, 2022, by stipulation of the parties. *Id*.

On July 30, 2021, I stayed discovery as to Martinez (the "Discovery Stay") and ordered that, "while his criminal trial is pending, Martinez need not submit to a deposition, nor shall any

---

[1] Count IV was dismissed as to Gonzales on April 7, 2021, and as to Vigil and Cruz-Martinez on February 17, 2022. *See* [Doc. 34] at 7; [Doc. 87].
[2] *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); Fed. R. Evid. 201.
[3] All claims in the *Curry* matter have been settled. *See Curry*, 20-cv-0116 RB/SCY (D.N.M.), [Docs. 180, 182, 188].

party serve written discovery on him. This stay will be in effect **until lifted by the Court**." [Doc. 50] at 6. I declined to stay discovery in any other respect. *Id*.

Similarly, in the *Curry* civil case, the court stayed discovery from Martinez as to his "conduct and resignation." *Curry*, 20-cv-0116 RB/SCY, [Doc. 148] at 4. The order stated, "In the absence of a motion to continue the stay, discovery will re-commence on **February 1, 2022** . . . ." *Id*. Martinez filed a third motion to stay discovery from him on January 31, 2022. *Id.,* [Doc. 175]. On February 7, 2022, while Martinez's motion to continue the stay was pending,[4] the *Curry* plaintiffs deposed Martinez.[5] [Doc. 92-2]. In the deposition, the *Curry* plaintiffs' counsel asked several questions related to Plaintiff's claims in this case. *Id*. Counsel for Defendant Vigil objected to some of the questions on the ground that they were barred by the stay in this case, but Martinez did not object to the questions. [Doc. 92-2] at 9 (66:1-8). Nor did Martinez assert his right to remain silent under the Fifth Amendment. [Doc. 92-2].

Although the other parties have exchanged initial disclosures, Martinez has not yet delivered initial disclosures or engaged in other discovery because discovery as to him has been stayed since April 23, 2021. *See* [Docs. 23, 35, 37, 38, 39, 50]. No trial date has been set in this matter.

## LEGAL STANDARD

Courts have broad discretion to stay discovery in a civil case while parallel criminal proceedings are pending. *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). While "[a] defendant has no absolute right not to be forced to choose between

---

[4] Because the *Curry* matter settled in June 2022, the Court denied the motion as moot. *Curry*, 20-cv-0116 RB/SCY, [Doc. 189].
[5] At the oral argument, counsel for both Plaintiff and Defendant stated that Martinez was deposed pursuant to an order by Judge Yarbrough. I was unable to find that order on the *Curry* docket.

testifying in a civil matter and asserting his Fifth Amendment privilege[,]" a "court must consider the extent to which a party's Fifth Amendment rights are implicated" in deciding whether to grant a stay. *Id.* (quoting *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995)). The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. This right "also privileges [a person] not to answer official questions put to him in any other proceeding . . . where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley,* 414 U.S. 70, 77 (1973).

> In determining whether to grant a stay, courts balance six factors:
>
> the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the [criminal] case, including whether defendants have been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Urrutia v. Montoya*, No. 16-cv-0025 MCA/SCY, 2016 WL 9777168, at *1 (D.N.M. June 29, 2016) (quoting *Hilda M. v. Brown*, No. 10-2495, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010)).

Generally, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). After the proponent meets that burden, a court may reexamine the necessity for a stay because "the balance of factors for and against a stay may be altered with the passage of time and the continued development of the underlying criminal matter . . . ." *Cruz v. City of Chicago*, No. 08 C 2087, 2011 WL 613561, at *2 (N.D. Ill. Feb. 15, 2011) (unreported).

4

**ANALYSIS**

Before me are two questions: First, should discovery from Martinez continue to be stayed pending Martinez's criminal trial? Second, did Plaintiff violate the Discovery Stay by asking questions pertinent to this case in the *Curry* deposition? I will address each issue in turn.

**I. Continuation of the Discovery Stay.**

Plaintiff argues that continuation of the Discovery Stay is not warranted because she is prejudiced by it and "Martinez elected not to assert his Fifth Amendment right when he was deposed" in the *Curry* case. [Doc. 88] at 4. At the time Plaintiff filed her Motion, trial had not been set in the criminal matter. *Compare* [Doc. 92-1] at 2 (February 25, 2022, state court order setting trial date) *with* [Doc. 88] (filed on February 18, 2022).

In response, Martinez maintains that the stay should be continued because the burden on him to defend himself in simultaneous civil and criminal proceedings outweighs the prejudice to Plaintiff's case caused by the stay, which, he argues, is mitigated by the fact that Plaintiff's counsel already questioned Martinez on some issues related to this case. [Doc. 92] at 10.

In my order staying discovery, I considered the six factors stated above and found that a stay was warranted because (1) "the misconduct attributed to Martinez in this case overlaps with that charged in the criminal complaint[;]" (2) Plaintiff's interest in timely resolution of her claims would not be prejudiced by a stay of discovery from Martinez because the Speedy Trial Act requires timely trial of the criminal matter; (3) Plaintiff's interest in pursuing her case would not be unduly hindered by a stay of discovery as to Martinez and did not outweigh Martinez's significant interest in not being deposed while the criminal case is pending; (4) the public's and the court's interests in expeditious proceedings were met by allowing all discovery except for

discovery directed at Martinez. [Doc. 50] at 4–6. Now, the question is whether a change in circumstances requires a different result.

The first factor—the amount of overlap between the civil and criminal cases—is unchanged and weighs in favor of continuing the stay. In contrast, the status of the criminal case has changed substantially. When I imposed the stay, the criminal case against Martinez was in its initial stages and no trial date had been set. [Doc. 50] at 4–5. However, I found that the filing of a criminal information weighed in favor of the stay. *Id*. Since then, the criminal matter has been set for trial in roughly six months, on November 28, 2022. *See State v. Martinez*, D-809-CR-202100031 (8th Jud. Dist. N.M. July 16, 2021). The fact that a trial date has been set weighs even more heavily in favor of the stay than the criminal information because the trial date sets a limit on the duration of the stay. *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CIV1590LTSHBP, 2016 WL 1178773, at *3 (S.D.N.Y. Mar. 23, 2016) (unreported) (an "imminent" trial setting weighed in favor of a stay); *Urrutia*, 2016 WL 9777168, at *2 (finding no prejudice to the plaintiff where the criminal trial was scheduled in two months but noting that, if the trial were continued, "there would be a point at which full civil discovery should proceed regardless of the pending criminal trial").

The third factor balances "the interests of [Plaintiff] in an expedient case weighed against the prejudice to [Plaintiff] caused by" continuing the stay. *Yazzie v. Fezatte*, No. 16-CV-00472 JAP/KS, 2019 WL 1865204, at *3 (D.N.M. Apr. 25, 2019) (unreported). If the stay is continued through the trial date, discovery from Martinez will have been delayed for over 19 months, a significant period. However, Plaintiff has not shown how continuation of the stay will prejudice her in specific ways beyond delaying resolution of her claims, such as by depriving her of

witnesses or other evidence. *See In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003) (stating that the party opposing the stay "should demonstrate a particularly unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay"); *Yazzie*, 2019 WL 1865204, at *5 (holding that a stay in the civil proceedings would prejudice the plaintiff by hindering her access to witness statements because those specific witnesses may move away or their memories fade). Indeed, since the Discovery Stay was limited to discovery from Martinez, Plaintiff has been able to question the other defendants and any witnesses identified by the other defendants since discovery began.[6] I find that, while Plaintiff has an interest in pursuing her claims, continuation of the stay poses minimal specific prejudice to Plaintiff's case. This factor is, therefore, neutral.

Under the fourth factor, I assess the potential prejudice to Martinez of lifting the stay. When I imposed the stay, I found that, "[i]n the absence of a stay as to . . . Martinez, the prejudice to him is clear." [Doc. 50] at 5. "On one hand, he could make potentially incriminating statements during civil discovery, which might prejudice him in his criminal case. On the other hand, he could invoke his Fifth Amendment right to silence, knowing that it "might cause an adverse inference to be drawn against him in his civil case." *Id*. (quoting *Urrutia*, 2016 WL 9777168, at *3). This analysis is no less true now than it was then and weighs heavily in favor of continuing the stay.

At oral argument, Plaintiff argued that Martinez waived his Fifth Amendment rights when he answered questions at the *Curry* deposition. That position is incorrect. "The waiver of the Fifth

---

[6] At oral argument, Plaintiff stated that Defendants Gonzales, Cruz-Martinez, and Vigil had not responded to written discovery concerning Martinez on the ground that the Discovery Stay barred such discovery. The Court reiterated that the Discovery Stay bars only discovery from Martinez that implicates his Fifth Amendment right to avoid self-incrimination. To be clear, the Discovery Stay does not bar discovery about Martinez from the other defendants. *See* [Doc. 50] at 6 (stating that "while his criminal trial is pending, *Martinez* need not submit to a deposition, nor shall any party serve written discovery *on him*" (emphasis added)).

Amendment privilege . . . is limited to the particular proceeding in which the witness gave the testimony [and] does not extend to a separate and independent proceeding." *Matter of Beery*, 680 F.2d 705, 720 (10th Cir. 1982) (holding that the defendant did not waive his right to be silent in a deposition by answering questions in a deposition in a separate proceeding); *see Wimbledon Fund v. Graybox, LLC*, No. CV15-6633-CAS(AJWX), 2017 WL 11628850, at *5 (C.D. Cal. Jan. 9, 2017) (holding that a discovery stay was warranted because the defendant's depositions *in other proceedings* did not diminish his Fifth Amendment interest in the case at issue). Martinez has not waived his right to remain silent in this case.

Plaintiff also argues that, because Martinez did not invoke his Fifth Amendment rights at the *Curry* deposition, he does not intend to do so if deposed in this case. If that is true, then a stay of discovery is unnecessary. However, Martinez opposed Plaintiff's Motion, which indicates that he does intend to invoke his Fifth Amendment rights. Moreover, the right to remain silent must be invoked on a question-by-question basis. *United States v. Jones*, 703 F.2d 473, 477 (10th Cir. 1983) ("The Fifth Amendment must be claimed as to specific questions."). Without knowing what questions Plaintiff will ask, Martinez cannot determine whether he will invoke his Fifth Amendment rights before the deposition. The purpose of the Discovery Stay is to ensure he has a meaningful opportunity to do so.

The fifth and sixth factors address the interests of the Court and the public. My goal is to move this case forward as expeditiously as possible without unduly prejudicing Martinez's constitutional rights. Consistent with that goal, I ordered a stay that barred only discovery directed to Martinez. [Doc. 50]. All other discovery was allowed to proceed. *Id*. I reasoned that, when

Martinez's criminal trial is over, the parties will only need to complete any discovery aimed at Martinez. This reasoning still applies in favor of the stay of discovery as to Martinez. *Id*.

Balancing Plaintiff's interest in an expeditious resolution of her claims and the minimal prejudice to Plaintiff's case caused by the Discovery Stay against Martinez's significant interest in preserving his Fifth Amendment rights, I find that the stay should continue until Martinez's criminal trial is complete in November 2022.[7] If Martinez's criminal trial does not occur in November 2022 as currently scheduled, Plaintiff may file another motion to lift the stay.

## II. Martinez's Request for Sanctions.

Martinez argues that some of Plaintiff's counsel's questions at the *Curry* deposition violated the Discovery Stay. [Doc. 92] at 10. The allegedly offending questions pertained to (1) whether Martinez had sexual relations with Plaintiff or other inmates, (2) Martinez's relationships with inmates, (3) whether Martinez was fired or resigned from SCC, (4) why Martinez resigned, (5) whether and why Martinez was investigated or disciplined, (6) complaints against or investigations of Martinez, and (7) whether Martinez brought drugs into SCC. *Id*. at 3–10. Martinez asserts that, as a sanction for violating the Discovery Stay, he "should not be required to sit for another deposition after the stay is lifted." *Id*. at 10. Plaintiff did not file a reply responding to Martinez's request for sanctions.

I find that Plaintiff's counsel did not violate the Discovery Stay because the questions at issue are within the scope of discovery for the *Curry* matter; they are not relevant solely to

---

[7] Neither party addressed whether the Court should consider other ways to protect Martinez's rights. *See, e.g., In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1240–41 (N.D. Okla. 2003) (declining to impose a stay but sealing the defendant's deposition and directing that it "not be used for any purpose outside the civil proceeding except for perjury or impeachment"). I will not explore alternatives to a stay of discovery without a request for and briefing on such measures.

9

Plaintiff's claims. The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve full disclosure of all potentially relevant information."). Moreover, if Defendant's counsel thought that a question violated the stay, she could have instructed her client not to answer, Fed. R. Civ. P. 30(c)(2), or moved for an order terminating the deposition, Fed. R. Civ. P. 30(d)(3). Instead, she allowed her client to answer the questions, which I can only assume was a tactical decision. Under the circumstances, I will not sanction Plaintiff's counsel for asking the questions.[8]

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion [Doc. 88] will be DENIED. The Court's Order staying discovery as to Martinez [Doc. 50] will remain in effect in all respects. Pursuant to that Order, discovery addressed to Martinez will be stayed while his criminal trial is pending. *Id*. This limited stay will be in effect **until lifted by the Court**. *Id*. Discovery will not be stayed in any other respect, and Martinez shall submit status reports in compliance with the Order. *Id*. Martinez's request for sanctions against Plaintiff will be DENIED.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Opposed Motion to Lift the Discovery Stay [Doc. 88] is DENIED.

---

[8] Having said that, the Court admonishes all counsel in this case to pay closer attention to this—and other courts'—orders. The parties appear to have violated Judge Brack's order staying discovery in the *Curry* case by deposing Martinez after a motion to continue the stay had been filed. It is equally clear that counsel misunderstood something Judge Yarbrough said about deposing Martinez; no order requiring Martinez to sit for a deposition appears in the docket. And based on the oral argument in this motion, it appears that counsel misinterpreted the scope of my order in this action imposing a limited stay of discovery directed at Martinez.

**IT IS FURTHER ORDERED** that Martinez's request for sanctions against Plaintiff is DENIED.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**